UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **CENTER FOR BIOLOGICAL DIVERSITY**, a nonprofit corporation, 1333 N. Oracle Rd. Tucson, AZ 85705 ) ) ) ) ) | **Case No:** |
| ) | |
| **Plaintiff,** ) | |
| v. ) | |
| ) | |
| **CARLOS M. GUTIERREZ**, Secretary, United States Department of Commerce 1401 Constitution Avenue, N.W. Room 5516 Washington, D.C. 20230 ) ) ) ) ) ) | |
| ) | |
| **NATIONAL MARINE FISHERIES SERVICE**, National Oceanographic and Atmospheric Administration 1315 East-West Highway Silver Springs, MD 20910 ) ) ) ) ) ) ) | |
| ) | |
| **Defendants.** ) | |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**I. INTRODUCTION**

1. This action challenges the failure of Defendants Carlos Gutierrez, Secretary of Commerce, and the National Marine Fisheries Service (collectively "NMFS") to comply with the nondiscretionary deadlines of the Endangered Species Act ("ESA"). Specifically, NMFS has failed to designate critical habitat for four species protected under the ESA: elkhorn coral (*Acropora palmata*), staghorn coral (*A. cervicornis*), the

U.S. distinct population segment ("DPS") of smalltooth sawfish (*Pristis pectinata*), and the southern DPS of North American green sturgeon (*Acipenser medirostris*).

2.    On April 1, 2003, NMFS published a final rule listing the United States DPS of smalltooth sawfish ("smalltooth sawfish") as endangered. 68 Fed. Reg. 15674 (April 1, 2003). On April 7, 2006, NMFS published a final rule listing the southern DPS of North American green sturgeon ("green sturgeon") as threatened. 71 Fed. Reg. 17757 (April 7, 2006). On May 9, 2006, NMFS published a final rule listing elkhorn and staghorn corals as threatened. 71 Fed. Reg. 26852 (May 9, 2006).

3.    The ESA mandates that when NMFS lists a species it must designate critical habitat to protect the habitat and promote the recovery of the species.  Critical habitat is an effective and important component of the ESA.  For example, species with critical habitat are twice as likely to be recovering compared to species lacking designated habitat.

4.    Generally, NMFS must designate critical habitat <u>concurrently</u> with a listing under the ESA. The ESA, however, provides a narrow exception to this deadline if critical habitat is "not determinable" at the time of listing. If NMFS finds critical habitat "not determinable," then NMFS has no more than <u>one additional year</u> to finalize a rule designating critical habitat.

5.    The elkhorn and staghorn corals, smalltooth sawfish, and green sturgeon remain without protected critical habitat even though the deadline for critical habitat designation has come and gone for each species.  More than a year has passed since NMFS listed each of these four species, therefore NMFS violated its duty to designate critical habitat for these species within the time limit mandated by the ESA.

6.    NMFS has deprived these critically imperiled species of significant legal protections that are important for their conservation and recovery.

7.    The Center for Biological Diversity ("the Center") seeks declaratory and injunctive relief requiring NMFS to comply with its mandatory duty under the ESA to

designate critical habitat for elkhorn and staghorn corals, and the protected DPS' of smalltooth sawfish and green sturgeon.

## II. JURISDICTION AND VENUE

8.   This court has jurisdiction over this action pursuant to 16 U.S.C. § 1540(c) (actions under the ESA); 16 U.S.C. § 1540(g) (ESA citizen suit provision); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1346 (action against the United States); 28 U.S.C. § 1361 (action to compel an officer of the United States to perform his or her duty); and 28 U.S.C. § 2201-02 (power to issue declaratory judgments in cases of actual controversy).

9.   The Center provided NMFS with at least sixty days written notice of the ESA violations alleged herein as required by 16 U.S.C. § 1540(g)(2)(c).

10. The Center demanded that NMFS satisfy its statutory obligations to designate critical habitat for the elkhorn and staghorn corals, green sturgeon, and smalltooth sawfish.  Defendants have failed to remedy the alleged violation, and therefore an actual controversy exists within the meaning of 28 U.S.C. § 2201(a).

11. Venue is proper in this court because Defendants reside in this district.  28 U.S.C. § 1391(e).

## III. PARTIES

12. Plaintiff CENTER FOR BIOLOGICAL DIVERSITY ("the Center") is a nonprofit corporation dedicated to the preservation, protection, and restoration of biodiversity, native species, ecosystems, public lands and waters.  The Center's Oceans Program aims to protect marine ecosystems in United States and international waters. Through research, advocacy, industry oversight, and enforcement of environmental laws, the Center works to establish vital protections for marine species and habitat.  The Center has over 35,000 members nationwide.

13. The Center has members and staff who have visited areas in Florida and California where the species at issue in this case are known to occur and intend to return to enjoy the habitat and species. The Center's members and staff use the habitat of these

species for wildlife observation, research, nature photography, aesthetic enjoyment, recreational, educational, and other activities.

14. The Center has members who have visited the Everglades National Park and adjacent areas where the smalltooth sawfish population is centered, to look for and enjoy this species and its habitat. These members have visited and plan to return to areas that are likely to be designated as critical habitat for the species.

15. The Center's members and staff have also visited and intend to return to the coral reefs in Florida and the Caribbean for snorkeling, research, and enjoyment of the beauty of coral reef habitat.

16. The Center has offices and over 8,000 members in California. Some of the Center's members and staff regularly visit the coasts, estuaries, and rivers where green sturgeon are found to appreciate the habitat and seek out imperiled species such as the green sturgeon.  Additionally, the Center has members and staff that have visited the green sturgeon's spawning areas in the Sacramento River which are likely to be designated as critical habitat.

17. The Center's staff and members derive substantial scientific, educational, recreational, and aesthetic benefits from these species' continued existence in the wild. The Center has a long-standing interest in conserving imperiled species, including diligent efforts to protect the green sturgeon and staghorn and elkhorn corals, as well as other marine species, under the ESA.

18. The Center brings this action on behalf of itself and its adversely affected members and staff.  NMFS' failure to designate critical habitat for smalltooth sawfish, green sturgeon, and elkhorn and staghorn corals deprives the Center and its members of legally required protective measures to conserve and promote the recovery of these species.  The smalltooth sawfish, green sturgeon, and elkhorn and staghorn corals are all threatened, in part, due to habitat loss. The absence of critical habitat permits the degradation, modification, and destruction of habitat essential to the survival and

recovery of these species.  The recreational, aesthetic, conservation, educational, and scientific interests of the Center, its members, and staff have been, are being, and unless the relief prayed for herein is granted, will continue to be adversely affected and irreparably injured by NMFS' failure to designate critical habitat.  The interests of the Center's members and the organization are thus directly and adversely affected by NMFS' unlawful actions.

19. The injury to the Center, its members, and staff would be redressed by declaratory and injunctive relief compelling NMFS to designate critical habitat for these species. Activities that are likely to impact the habitat of these species are occurring, and such activities are less likely to adversely affect listed species once critical habitat is designated. For example, agency actions that adversely affect critical habitat trigger the ESA's consultation requirement.  Moreover, protection of critical habitat is likely to improve these species' chances of recovery.  The Center has no adequate remedy at law.

20. Defendant CARLOS M. GUTIERREZ is the Secretary of Commerce, and is sued in his official capacity.  With regard to the species at issue, the Secretary of Commerce is the federal official with the ultimate responsibility for the administration and implementation of the ESA, including its critical habitat provisions. Secretary Gutierrez has the authority and ability to remedy the harm inflicted by Defendants' actions and inactions.

21. Defendant NATIONAL MARINE FISHERIES SERVICE ("NMFS") is the federal agency within the Department of Commerce authorized and required by law to protect and manage the marine resources of the United States, including enforcing the ESA.  NMFS published the final rules listing the elkhorn coral, staghorn coral, smalltooth sawfish, an green sturgeon under the ESA.  NMFS has the authority and ability to remedy the harm inflicted by Defendants' actions and inactions.

# IV. STATUTORY BACKGROUND

## A. The Endangered Species Act

22. With the ESA, Congress intended endangered species to be afforded the highest of priorities. The ESA's purpose is "to provide a means whereby the ecosystems upon which endangered species and threatened species depend may be conserved, [and] to provide a program for the conservation of such endangered species and threatened species." 16 U.S.C. § 1531(b).

23. The ESA assigns responsibility to implement the statute to the Secretaries of Commerce and Interior, which in turn have delegated responsibility to NMFS and the U.S. Fish and Wildlife Service ("FWS") respectively. Generally NMFS has jurisdiction over marine species such as corals, while FWS has jurisdiction over terrestrial species.

24. The ESA protects imperiled species by listing them as "endangered" or "threatened." A species is "endangered" if it "is in danger of extinction throughout all or a significant portion of its range." 16 U.S.C. § 1532(6). A species is "threatened" if it is "likely to become an endangered species in the foreseeable future." 16 U.S.C. § 1532(20).

25. A distinct population segment or DPS is also eligible for listing because the ESA defines the term "species" broadly to include "any subspecies of fish or wildlife or plants and any distinct population segment of any species of vertebrate fish or wildlife which interbreeds when mature." 16 U.S.C. § 1532(16).

26. For listed species, the ESA requires that NMFS or FWS designate "critical habitat" for each species. 16 U.S.C. § 1533. NMFS shall make critical habitat designations based on "the best scientific data available." 16 U.S.C. § 1533(b)(2).

27. Critical habitat includes specific areas occupied by the threatened or endangered species with physical or biological features "(I) essential to the conservation of the species and (II) which may require special management considerations or protection" and

specific areas unoccupied by the species that "are essential for the conservation of the species." 16 U.S.C. § 1532(5)(A).

28. In the ESA, conservation means "to use and the use of all methods and procedures which are necessary to bring any endangered species or threatened species to the point at which the measures provided pursuant to this chapter are no longer necessary." 16 U.S.C. § 1532(3). Thus critical habitat defines the areas that require management to ensure that listed species can recover.

29. Congress recognized that the protection of habitat is essential to the recovery of listed species stating that:

> classifying a species as endangered or threatened is only the first step in insuring its survival. Of equal or more importance is the determination of the habitat necessary for that species' continued existence… If the protection of endangered and threatened species depends in large measure on the preservation of the species' habitat, then the ultimate effectiveness of the Endangered Species Act will depend on the designation of critical habitat.

H. Rep. No. 94-887 at 3 (1976).

30. NMFS must designate critical habitat, "to the maximum extent prudent and determinable," concurrent with listing a species. 16 U.S.C. § 1533(a)(3)(A); *see also* 16 U.S.C. § 1533(b)(6)(C).

31. In situations where critical habitat is "not determinable," NMFS may extend the deadline one year to conduct necessary research, and must publish a final determination of critical habitat no later than the close of an additional year. 16 U.S.C. § 1533(b)(6)(C)(ii). At that time, NMFS shall make critical habitat designations based on "such data available at that time." *Id.*

32. The ESA requires that NMFS designate critical habitat at the same time the agency lists a species because critical habitat provides important protections for imperiled species beyond those provided by listing alone. Accordingly, the ESA requires each

federal agency to insure that its actions will not "result in the destruction or adverse modification" of critical habitat.  16 U.S.C. § 1536(a)(2).

## V. FACTUAL BACKGROUND

### A.  United States Distinct Population Segment of the Smalltooth Sawfish

33. Smalltooth sawfish are tropical marine and estuarine fish. Smalltooth sawfish have declined dramatically in the United States and have been extirpated throughout much of their range.

34. Prior to 1960, smalltooth sawfish occurred commonly in shallow waters of the Gulf of Mexico and eastern seaboard up to North Carolina, and sometimes as far north as New York. The current distribution is centered in the extreme southern portion of Florida, including the Everglades.

35. NMFS proposed a rule to list the smalltooth sawfish on April 16, 2001. 66 Fed. Reg. 19414. Nearly two years later on April 1, 2003, NMFS published a final rule listing the United States DPS of smalltooth sawfish as endangered under the ESA. 68 Fed. Reg. at 15674. At that time, NMFS found that critical habitat for the smalltooth sawfish was "not determinable." *Id.* at 15680.

36. In the listing rule, NMFS concluded that loss and degradation of habitat due to activities such as agricultural and commercial development, dredge and fill operations, boating, erosion, point and non-point pollution, all combined to threaten the smalltooth sawfish with extinction. *Id.* at 15676.

37. NMFS stated that available data suggests that shallow water may be important nursery areas, river and creek mouths may be important habitat areas, and that channels through shallow habitat may be important mating aggregation areas for the smalltooth sawfish. *Id*. at 15674. Yet, at the time of listing, NMFS concluded that critical habitat was "not determinable," and stated it would conduct further research and "publish, in a separate rule, a proposed designation of critical habitat for the U.S. DPS of smalltooth sawfish." *Id.* at 15680.

38. Over four years have now passed since NMFS listed the smalltooth sawfish, yet NMFS still has not designated critical habitat. NMFS's failure to designate critical habitat for the smalltooth sawfish by the ESA's mandatory deadline was and remains an ongoing violation of the ESA.

**B. Southern Distinct Population Segment of the North American Green Sturgeon**

39.  The green sturgeon is a large, olive green, bony-plated, prehistoric looking fish, with a shovel-like snout and vacuum cleaner-like mouth used to siphon food from the mud. Green sturgeon can reach 7 ½ feet in length and weigh up to 350 pounds.

40. This large anadromous fish ranges from Alaska to Mexico in marine waters and feeds in estuaries and bays from San Francisco Bay to British Columbia. The green sturgeon spawns in fresh water in the mainstem of large rivers. The only known remaining spawning populations are in the Sacramento and Klamath River basins in California and the Rogue River in Oregon — rivers that have been extensively dammed, diverted, and polluted.

41. The southern DPS of green sturgeon is critically imperiled because the Sacramento River contains the only known spawning population. 71 Fed. Reg. at 17762. Water projects and pollution have eliminated much of the spawning habitat for green sturgeon.

42. The estimated abundance of green sturgeon in the Sacramento River has plummeted by 95 percent between 2001, when the Center first petitioned for ESA protection for the species, and 2006. The California Department of Fish and Game predicted that fewer than 25 female green sturgeon would migrate to Sacramento River spawning grounds in 2006.

43. In response to a petition filed by the Center and other environmental groups in 2001, NMFS found that listing the green sturgeon was "not warranted."  Following litigation, a court order set aside the "not warranted" finding and subsequently NMFS proposed to list the southern DPS of the green sturgeon on April 6, 2005. 70 Fed. Reg.

17386. On April 7, 2006, the final rule listed the green sturgeon as a threatened species. 71 Fed. Reg. at 17764.

44. In the final listing rule, NMFS concluded that one of the primary factors responsible for the decline of the green sturgeon is "the destruction, modification or curtailment of habitat." *Id.* at 17762.

45. NMFS also found that critical habitat was "not yet determinable" and stated it would "initiate rulemaking with the publication in the Federal Register of a proposed designation of critical habitat, followed by a period for public comment and the opportunity for public hearings." *Id.*

46. More than a year has passed since NMFS found that the critical habitat for the green sturgeon was not determinable, and NMFS has still not issued a critical habitat designation.

**C. Elkhorn Coral and Staghorn Coral**

47. Elkhorn and staghorn corals were the dominant reef building corals of Florida and the Caribbean.  Over just the last 30 years, these species have suffered an 80-98 percent decline throughout significant portions of their range, reducing coral cover and opening space on reefs at an unprecedented pace. Elkhorn and staghorn corals occur in United States waters off the coasts of Florida, Puerto Rico, the U.S. Virgin Islands and Navassa Island.

48. Habitat degradation and modification is a primary threat to these corals. Elkhorn and staghorn corals have suffered severe bleaching due to increases in water temperature. Additionally, disease and pollution threaten the survival of these corals.

49. In 2004, the Center petitioned to protect elkhorn and staghorn corals under the ESA. On May 9, 2005, NMFS proposed to listing, 70 Fed. Reg. 24359, and exactly a year later, NMFS published a final rule listing the elkhorn and staghorn corals as threatened. 71 Fed. Reg. 26852 (May 9, 2006).

50. At the time of listing, NMFS found that critical habitat was "not determinable." *Id*. at 26860. Furthermore, NMFS stated that it would gather additional information and analysis and "publish, in a separate rule, to the maximum extent prudent, a proposed designation of critical habitat for elkhorn and staghorn corals." *Id*.

51. To date, NMFS has not designated critical habitat for these threatened coral species.

**D. NMFS Violated Its Mandatory Duty to Designate Critical Habitat**

52. On April 1, 2003, NMFS published a final rule listing the smalltooth sawfish as endangered. 68 Fed. Reg. 15674 (April 1, 2003). On April 7, 2006, NMFS published a final rule listing the green sturgeon as threatened. 71 Fed. Reg. 17757 (April 7, 2006). On May 9, 2006, NMFS published a final rule listing elkhorn and staghorn corals as threatened. 71 Fed. Reg. 26852 (May 9, 2006).

53. Each of these final rules stated that critical habitat for the species was "not determinable" at the time of listing.

54. More than a year has passed since NMFS found that the critical habitat for each of these species was not determinable, and still NMFS has not issued final critical habitat designations for smalltooth sawfish, green sturgeon, or elkhorn and staghorn corals.

55. NMFS' failure to designate critical habitat within the time limit mandated by the ESA violates the clear terms of the statute.

56. These species are adversely affected by NMFS' failure to afford them the protection mandated by the ESA. Designation and management of critical habitat are vital for the conservation and recovery of these imperiled species. Loss and degradation of habitat is among the factors threatening the survival of each of these species

**VI. CLAIM FOR RELIEF**

57. The Center re-alleges and incorporates, as it fully set forth herein, each and every allegation in the preceding paragraphs of this complaint.

58. NMFS violated and continues to violate the ESA, 16 U.S.C. § 1533, by failing to designate critical habitat for the U.S. DPS of the smalltooth sawfish within the time limit mandated by the ESA.  16 U.S.C. §§ 1533(a)(3)(A), (b)(6)(C)(ii); & 1540(g)(1)(C).

59. NMFS violated and continues to violate the ESA, 16 U.S.C. § 1533, by failing to designate critical habitat for the southern DPS of the North American green sturgeon within the time limit mandated by the ESA.  16 U.S.C. §§ 1533(a)(3)(A), (b)(6)(C)(ii); & 1540(g)(1)(C).

60. NMFS violated and continues to violate the ESA, 16 U.S.C. § 1533, by failing to designate critical habitat for elkhorn and staghorn corals, within the time limit mandated by the ESA.  16 U.S.C. §§ 1533(a)(3)(A), (b)(6)(C)(ii); & 1540(g)(1)(C).

61. NMFS' failures to designate critical habitat for these species are arbitrary and capricious, and not in accordance with procedures required by law, in violation of the Administrative Procedure Act.  5 U.S.C. §§ 701-706.

### VII. PRAYER FOR RELIEF

62. For these reasons, the Center respectfully requests that this Court enter judgment providing the following relief:

1. A declaration that NMFS failed to perform a nondiscretionary duty, and acted in a manner that is arbitrary, capricious, or otherwise not in accordance with law, when NMFS failed to designate critical habitat for the U.S. DPS of smalltooth sawfish within the timeframe dictated by the ESA;

2. A declaration that NMFS failed to perform a nondiscretionary duty, and acted in a manner that is arbitrary, capricious, or otherwise not in accordance with law, when NMFS failed to designate critical habitat for the southern DPS of green sturgeon within the timeframe dictated by the ESA;

3. A declaration that NMFS failed to perform a nondiscretionary duty, and acted in a manner that is arbitrary, capricious, or otherwise not in accordance with law, when

NMFS failed to designate critical habitat for elkhorn and staghorn corals within the timeframe dictated by the ESA;

4. An order requiring NMFS to designate critical habitat for the elkhorn and staghorn corals, smalltooth sawfish, and green sturgeon by dates certain in compliance with the ESA and consistent with this Court's findings, with proposed and final rules as appropriate under the ESA;

5. An order awarding Plaintiff its costs of litigation, including reasonable attorney fees as provided by the ESA, 16 U.S.C. § 1540(g)(4), and/or the Equal Access to Justice Act, 28 U.S.C. § 2412; and

6. Provide such other relief as the Court deems just and proper.


DATED: August 30, 2007.

Respectfully submitted,


/s/ William J. Snape, III
William J. Snape, III (DC Bar # 455266)
CENTER FOR BIOLOGICAL DIVERSITY
5268 Watson Street, NW
Washington, DC 20016
Telephone: (202) 537-3458, (202) 536-9351
Email: bsnape@biologicaldiversity.org
         billsnape@earthlink.net

Attorney for Plaintiff

Of counsel:

Miyoko Sakashita (CA Bar #239639)
CENTER FOR BIOLOGICAL DIVERSITY
San Francisco Bay Area Office
1095 Market Street, Suite 511
San Francisco, CA 94103
Tel: 415-436-9682 x 308
Fax: 415-436-9683
Email: miyoko@biologicaldiversity.org

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

CENTER FOR BIOLOGICAL DIVERSITY, a nonprofit corporation,
1333 N. Oracle Rd.
Tucson, AZ 85705

88888

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    88888
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

CARLOS M. GUTIERREZ, Secretary, United States Department of Commerce
1401 Constitution Avenue, N.W., Room 5516, Washington, D.C. 20230
NATIONAL MARINE FISHERIES SERVICE, National Oceanographic and Atmospheric Admin.
1315 East-West Highway, Silver Springs, MD 20910

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

William J. Snape, III
Center for Biological Diversity
5268 Watson Street, NW
Washington, DC 20016
Telephone: (202) 537-3458

Case: 1:07-cv-01545
Assigned To : Lamberth, Royce C.
Assign. Date : 8/30/2007
Description: Admn. Agency Review

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 3 Federal Question (U.S. Government Not a Party)
- ◉ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
- ☐ 410 Antitrust

### ○ B. Personal Injury/ Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ◉ C. Administrative Agency Review
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☒ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

④

| ○ G. Habeas Corpus/ 2255 | ○ H. Employment Discrimination | ○ I. FOIA/PRIVACY ACT | ○ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. Labor/ERISA (non-employment) | ○ L. Other Civil Rights (non-employment) | ○ M. Contract | ○ N. Three-Judge Court |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding ○ 2 Removed from State Court ○ 3 Remanded from Appellate Court ○ 4 Reinstated or Reopened ○ 5 Transferred from another district (specify) ○ 6 Multi district Litigation ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Violation of the Endangered Species Act for Failure to Designate Critical Habitat for Species, 16 U.S.C. Sec. 1540.

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ _____ JURY DEMAND: | Check YES only if demanded in complaint YES ☐ NO ☐ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☒ If yes, please complete related case form.

DATE 8-30-07    SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.      COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.     CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.     CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.     CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.     RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.