UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, <br><br> Plaintiff, <br> v. <br><br> CARLOS M. GUTIERREZ, Secretary, United States Department of Commerce, <br> NATIONAL MARINE FISHERIES SERVICE, <br><br> Defendant. | Case No. 07-1545 RCL <br><br> **STIPULATED SETTLEMENT AGREEMENT AND [PROPOSED] ORDER** |

Plaintiff, Center for Biological Diversity, and Defendants, Carlos M. Gutierrez, Secretary, United States Department of Commerce and National Marine Fisheries Service ("NMFS"), by and through their undersigned counsel, state as follows:

WHEREAS, NMFS, pursuant to the Endangered Species Act ("ESA"), 16 U.S.C. § 1531 et seq., published a final rule listing the United States distinct population segment ("DPS") of smalltooth sawfish (*Pristis pectinata*) as endangered. 68 Fed. Reg. 15674 (April 1, 2003);

WHEREAS, NMFS, pursuant to the ESA, 16 U.S.C. § 1531 et seq., published a final rule listing the Southern DPS of North American green sturgeon (*Acipenser medirostris*) as threatened. 71 Fed. Reg. 17757 (April 7, 2006);

WHEREAS, NMFS, pursuant to the ESA, 16 U.S.C. § 1531 et seq., published a final rule listing elkhorn coral (*Acropora palmata*) and staghorn coral (*A. cervicornis*) as threatened. 71 Fed. Reg. 26852 (May 9, 2006);

WHEREAS, in the above *Federal Register* notices, NMFS found that critical habitat for the species was "not then determinable" pursuant to the ESA, 16 U.S.C. § 1533(b)(6)(C)(ii);

WHEREAS, on August 30, 2007, Plaintiff filed a Complaint for declaratory and

injunctive relief, pursuant to the ESA, 16 U.S.C. § 1531 et seq., challenging NMFS's failure to designate critical habitat for the above-listed species;

WHEREAS, Plaintiff and Defendants, through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to Plaintiff's claims, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiff's Complaint;

WHEREAS, Plaintiff and Defendants agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve the dispute between them;

NOW, THEREFORE, IT IS STIPULATED BY AND BETWEEN THE PARTIES AS FOLLOWS:

1. Subject to the qualifications in Paragraph 2, NMFS shall make a determination whether designating critical habitat for the United States DPS of smalltooth sawfish is prudent by February 29, 2008, a determination whether designating critical habitat for the Southern DPS of green sturgeon is prudent by April 30, 2008, and a determination whether designating critical habitat for elkhorn and staghorn corals is prudent by January 31, 2008.  If NMFS finds that a critical habitat designation for these species is prudent, NMFS shall concurrently submit to the *Federal Register* a proposed critical habitat designation for each species.  Within one year of submitting proposed designations for the U.S. DPS of smalltooth sawfish and the Southern DPS of green sturgeon, NMFS shall submit to the *Federal Register* a final critical habitat designation for these species.  Within one year of submitting proposed designations for elkhorn coral and staghorn coral, but no later than November 30, 2008, NMFS shall submit to the *Federal Register* a final critical habitat designation for these species.  The deadlines for submitting designations in this Paragraph may be modified in accordance with Paragraphs 4 and 5 of this Settlement

Agreement ("Agreement").

  2. If NMFS finds that it would not be prudent to designate critical habitat, NMFS shall include an explanation of the proposed determinations in the *Federal Register* notice referenced in Paragraph 1 consistent with the requirements of the Administrative Procedure Act ("APA") and ESA. Similarly, if NMFS finds that no critical habitat exists that meets the statutory definition of this term at 16 U.S.C. § 1532(5), or if NMFS determines that all areas that meet the statutory definition and are eligible for designation should be excluded from designation pursuant to the ESA, 16 U.S.C. § 1533(b)(2), NMFS shall include an explanation of the proposed determinations in the *Federal Register* notice referenced in Paragraph 1 consistent with the requirements of the APA and ESA.

  3. No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable time line for designation of critical habitat under 16 U.S.C. § 1533 in any other proceeding regarding NMFS's implementation of the ESA.

  4. Either party may seek to modify the deadline for any actions specified in Paragraph 1 of this Agreement for good cause shown. In that event, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the parties shall use the dispute resolution procedures specified in Paragraph 4.

  5. The Order entering this Agreement may be modified upon good cause shown by written stipulation between the parties, filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court. In the event that either party seeks to modify the terms of this Agreement, including the deadline for the actions specified in Paragraph 1, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or

condition of this Agreement, the party seeking the modification, raising the dispute or seeking enforcement, shall provide the other party with written notice of the matter. The parties agree that they will meet and confer (in-person not required) at the earliest possible time in a good-faith effort to resolve the matter before bringing it to the Court. If the parties are unable to resolve the matter within 30 days after the notice, either party may bring the claim to the Court.

    6. Except as otherwise provided in Paragraph 4, for any alleged violation by NMFS of the terms of this Agreement, Plaintiff's sole remedy is a motion to enforce the terms of this Agreement. This Agreement shall not be enforceable through a proceeding for contempt of court. This Agreement is not intended to affect the availability of remedies, including contempt, for the failure to comply with orders issued, subsequent to missed deadlines, by the Court regarding the schedule of events agreed to.

    7. Any substantive challenges to final agency action respecting the designations of critical habitat referenced in Paragraphs 1 and 2 must be brought through the filing of a new lawsuit and may not be raised in proceedings to enforce this Agreement.

    8. No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable time line for designation of critical habitat in any other proceeding regarding NMFS's implementation of the ESA.

    9. Subject to the qualifications in Paragraph 9, no provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the ESA, the APA, or any other law or regulation, either substantive or procedural. Nothing in this Agreement shall be construed to limit or modify the discretion accorded to NMFS by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to

the substance of any final determination.

10. Defendants assert that no provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that NMFS is obligated to spend funds in violation of the Anti-Deficiency Act, 31 U.S.C. § 1341. In response, Plaintiff asserts that this Agreement does not create a conflict with the Anti-Deficiency Act because the duty to designate critical habitat is required in non-discretionary terms by the ESA and because the Anti-Deficiency Act would not excuse compliance with a pre-existing court-approved Agreement. Plaintiff intends to assert this position if NMFS fails to comply with the terms of this Agreement for reasons of insufficient appropriations. NMFS reserves all legal and equitable defenses to such a claim.

11. The parties agree that this Agreement was negotiated in good faith and it constitutes a settlement of claims that were vigorously contested, denied, and disputed by the parties. By entering into this Agreement, Plaintiff and Defendants do not waive any claim or defense.

12. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

13. The terms of this Agreement shall become effective upon entry of an order by the Court ratifying the Agreement.

14. Upon approval of this Agreement by the Court, all counts of Plaintiff's Complaint shall be dismissed with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1).

15. Plaintiff agrees that the terms of this Agreement fully satisfy the claims in its Complaint filed herewith against Defendants, and that Plaintiff is waiving its right to seek attorneys fees related to its Complaint.

16. Notwithstanding the dismissal of this action, the parties hereby stipulate and

respectfully request that the U.S. District Court retain jurisdiction, as limited by Paragraphs 4, 5, and 6, to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms.  See <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375 (1994).

Dated this 31st day of August, 2007.                Respectfully submitted,

　　s/ William J. Snape, III (by RJR)
WILLIAM J. SNAPE, III (DC Bar #455266)
CENTER FOR BIOLOGICAL DIVERSITY
5268 Watson Street, NW
Washington, DC 20016
Telephone: (202) 537-3458, (202) 536-9351
Email: billsnape@earthlink.net

MIYOKO SAKASHITA (CA Bar #239639)
Center for Biological Diversity
San Francisco Bay Area Office
1095 Market Street, Suite 511
San Francisco, CA 94103
Tel: 415-436-9682
Fax: 415-436-9683
Email: miyoko@biologicaldiversity.org

Attorneys for Plaintiff

RONALD J. TENPAS
Acting Assistant Attorney General
Environment and Natural Resources
JEAN E. WILLIAMS, Section Chief
LISA L. RUSSELL, Assistant Section Chief

　　s/ Rebecca J. Riley
REBECCA J. RILEY, Trial Attorney
IL Bar No. 6284356
U.S. Department of Justice
Environment and Natural Resources
Wildlife and Marine Resources Section
P.O. Box 7369
Washington, DC 20044-7369
(202) 305-0202
(202) 305-0275 (fax)

Attorneys for Defendants

## **[PROPOSED] ORDER**

The terms and conditions of this Stipulated Settlement Agreement are hereby adopted as an enforceable ORDER of this Court, and this matter is hereby DISMISSED with prejudice.

Dated: this _____ day of _____ 2007.

_____
United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such to the attorneys of record.

                                                      /s/ Rebecca J. Riley
                                                      REBECCA J. RILEY